**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**SOUTHERN DIVISION**
**Civil Action No. 7:25-cv-01585**

| | |
|---|---|
| ANTONIO ACEVEDO, as Executor of the Estate of MARIA V. ACEVEDO a/k/a Maria Victoria Acevedo,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO CORPORATION,<br><br>Defendant. | **ANSWER AND DEFENSES** |

**NOW COMES** Defendant, Costco Corporation ("Costco"), by and through undersigned counsel, answering the Plaintiff's Complaint, and says and alleges as follows:

1. Upon information and belief, admitted.

2. Upon information and belief, admitted.

3. Upon information and belief, admitted.

4. Upon information and belief, admitted.

5. Admitted.

6. Costco admits that it owns and operates the premises located at 5351 Gingerwood Drive, Wilmington, North Carolina, and that it owes such duties as imposed on it by North Carolina law. Costco further admits the premises were used, among other things, for the sale of goods to patrons. Except as expressly admitted, the remaining allegations are denied.

7. Defendant admits that this Court has jurisdiction over the parties.

8. Defendant admits that this Court has subject matter jurisdiction over the parties.

9. Defendant admits that this Court is the proper venue for this matter.

FACTUAL ALLEGATIONS

10. Costco incorporates the allegations of the foregoing paragraphs as if set forth verbatim herein.

11. Admitted.

12. Admitted.

13. Admitted.

14. Costco lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the movements of Ms. Poole-Baker's vehicle. Therefore, they are denied.

15. Costco admits that Mrs. Acevedo was present in the parking lot of the Wilmington Location at or around the time alleged. Costco lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph. Therefore, they are denied.

16. Costco admits that Mrs. Acevedo was present in the parking lot of the Wilmington Location at or around the time alleged and that Ms. Poole-Baker was operating a 2020 Jeep. Costco lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph. Therefore, they are denied.

17. Costco lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the movements of Ms. Poole-Baker's vehicle. Therefore, they are denied. Costco admits that a police accident report exists and that Ms. Poole-Baker provided a statement to law enforcement. Costco further states that the accident report is a written

document, the terms of which speak for themselves. Except as expressly admitted, the remaining allegations are denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

CLAIMS FOR RELIEF

23. Costco incorporates the allegations of the foregoing paragraphs as if set forth verbatim herein.

24. Costco admits that it owns and operates the premises located at 5351 Gingerwood Drive, Wilmington, North Carolina, and that it owes such duties as imposed on it by North Carolina law. Except as expressly admitted, the remaining allegations are denied.

25. Denied.

26. Denied.

27. Denied.

28a. Denied.

28b. Denied.

28c. Denied.

28d. Denied.

28e. Denied.

28f. Denied.

28g. Denied.

28h. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39a. Denied.

39b. Denied.

39c. Denied.

39d. Denied.

40. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Mrs. Acevedo failed to mitigate damages or otherwise act to lessen or reduce the damages alleged in the claims.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence in that Mrs. Acevedo:

a. Failed to maintain a lookout for her path of travel;

b. Failed to observe her surroundings;

c. Failed to act as a reasonably prudent person would do so in the same conditions; and

d. Was otherwise careless and negligent.

## FOURTH AFFIRMATIVE DEFENSE

Costco owed Mrs. Acevedo no duty as the condition about which Plaintiff complains was an open and obvious condition.

## FIFTH AFFIRMATIVE DEFENSE

Costco reserves the right to assert any additional defenses, affirmative or otherwise, which may become apparent through discovery and/or at trial.

WHEREFORE, Defendant prays unto the Court as follows:

1) That the Court dismiss Plaintiff's Complaint, with prejudice;

2) That Plaintiff have and recover nothing of Defendant;

3) That the costs of this action, including reasonable attorneys' fees, be taxed to Plaintiff as allowed by law;

4) For a trial by jury on all matters of fact alleged herein; and

5) For other such and further relief as the Court deems just and proper.

This the 3rd day of December, 2025.

**MARCELLINO & TYSON, PLLC**

*/s/ Clay A. Campbell*
Clay A. Campbell
Bar No. 38069
*Attorney for Defendants*
2200 E. 7th Street, Suite 100
Charlotte, NC 28204
Telephone: 704.919.1519
Facsimile: 980.219.7025
clay@yourncattorney.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Answer and Defenses** has this date been filed using this Court's CM/ECF system, which will also serve the foregoing document through email notification to the following attorney of record:

Jeremy Wilson
Peyton Paschke
Ward and Smith, P.A.
PO Box 7068
Wilmington, NC 28406
910-794-4800
docket@wardandsmith.com
jw@wardandsmith.com
pmpaschke@wardandsmith.com
*Attorneys for Plaintiff*

This the 3rd day of December, 2025.

**MARCELLINO & TYSON, PLLC**

*/s/ Clay A. Campbell*
Clay A. Campbell
Bar No. 38069
*Attorney for Defendants*
2200 E. 7th Street, Suite 100
Charlotte, NC 28204
Telephone: 704.919.1519
Facsimile: 980.219.7025
clay@yourncattorney.com