IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No.: 7:25-cv-01585

| | | |
|---|---|---|
| ANTONIO ACEVEDO, as Executor of the Estate of MARIA V. ACEVEDO a/k/a Maria Victoria Acevedo,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO CORPORATION,<br><br>Defendant/ Third-Party Plaintiff,<br><br>v.<br><br>FRY & ASSOCIATES, INC.,<br><br>Third-Party Defendant. | ) | **PLAINTIFF AND DEFENDANT COSTCO CORPORATION'S STATUS REPORT** |

**PLAINTIFF AND DEFENDANT COSTCO CORPORATION'S STATUS REPORT**

Plaintiff Antonio Acevedo, as Executor of the Estate of Maria V. Acevedo a/k/a Maria Victoria Acevedo ("Plaintiff") and Defendant / Third-Party Plaintiff Costco Corporation ("Costco"), by and through the undersigned counsel, state as follows:

1. Plaintiff and Costco conferred in good faith by telephone on August 25, 2026, in an effort to resolve the issues raised in Plaintiff's Motion to Compel.

2. The call was attended by Jeremy M. Wilson, Esq. and Peyton M.

Paschke, Esq. of Ward and Smith, P.A. representing Plaintiff, and by Clay A. Campbell, Esq. of Marcellino & Tyson, PLLC, representing Costco.

3. Having conferred in good faith, the Parties agree as follows:

- Interrogatory No. 1: Costco will supplement its response to identify the individual(s) signing the forthcoming verification(s) and the individual(s) who confirmed there is no applicable insurance coverage.

- Interrogatory No. 8: Costco will supplement its response.

- Interrogatory No. 11: No supplementation is required.

- Interrogatory No. 12: Costco will supplement its response to identify any responsive, discoverable communications.

- Interrogatory Nos. 14 and 15: Costco will supplement its responses in accordance with Plaintiff's narrowed scope identified in his Rule 37 correspondence (*e.g.*, individuals who worked in or had responsibilities related to the parking lot, front entrance, or cart retrieval areas working between 1:00—4:00 p.m. on the date of the Incident).

- Interrogatory No. 16: Costco will supplement its response to identify any responsive, discoverable documentation.

- Interrogatory Nos. 19, 21, 22, and 27: Costco will supplement its responses.

- Interrogatory Nos. 34 and 35: Unresolved.

Plaintiff's position is that Costco must supplement its responses in

accordance with Plaintiff's narrowed scope identified in his Rule 37 correspondence (*e.g.*, incidents, complaints, claims, or lawsuits concerning pedestrian-vehicle collisions or injuries in parking lots for Costco locations nationwide in the last ten years).

Costco's position is that the request for nationwide information for ten years is not relevant for this particular case given different building codes, ordinances, and designs, and that the relevant information would be confined to the Wilmington location where the accident occurred, or North Carolina locations, and for a period of five years.

- Request for Production Nos. 3, 4, 6, 21, 26, 28, 29, 30, and 42: Costco will supplement its responses and production pursuant to entry of the Protective Order in this matter.

- Request for Production Nos. 5, 8, and 25: Costco will supplement its responses to identify any responsive, discoverable documentation and produce same.

- Request for Production No. 7: No supplementation is required.

- Request for Production Nos. 11, 12, and 14: Unresolved.

Plaintiff's position is that Costco must supplement its responses and produce documentation in accordance with Plaintiff's narrowed scope identified in his Rule 37 correspondence (*e.g.*, incidents, complaints, claims, or lawsuits concerning

pedestrian-vehicle collisions or injuries in parking lots at Costco locations nationwide in the last ten years).

Costco's position is that the request for nationwide information for ten years is not relevant for this particular case given different building codes, ordinances, and designs, and that the relevant information would be confined to the Wilmington location where the accident occurred, or North Carolina locations, and for a period of five years.

- Request for Production No. 15: Costco will supplement its responses to identify any responsive documentation and produce same.
- Request for Production Nos. 16, 17, 18, and 20: Costco will supplement its responses and produce documentation in accordance with Plaintiff's narrowed scope identified in his Rule 37 correspondence (*e.g.*, all documents, materials, and training materials responsive for the five years prior to the Incident).
- Request for Production Nos. 28 and 29: No supplementation is required.
- Request for Production No. 30: Costco will supplement its responses and produce documentation in accordance with Plaintiff's narrowed scope identified in his Rule 37 correspondence (*e.g.*, policies and procedures related to premises safety, parking lot operations, landscaping maintenance, pedestrian facility design guidelines, traffic control device guidelines and any and all other pedestrian and vehicular traffic procedures applicable to the Wilmington Location as of the date

of the Incident).

- Request for Production Nos. 31, 35, and 36: Costco will supplement its responses to identify any responsive documentation and produce same.

- Privilege log: Costco will confirm it is not withholding anything on the basis of the attorney-client privilege or the work product doctrine or Costco will produce a privilege log.

- Production of Rule 26(a)(1) Initial Disclosures: Costco has already produced same.

- Verification: Costco will provide executed verifications for its initial and supplemental discovery responses.

4. The parties agree that Costco will resolve the aforementioned agreed to discovery disputes by September 11, 2026.

Date: August 28, 2026

*<u>/s/ Peyton M. Paschke</u>*

Jeremy M. Wilson
N.C. State Bar I.D. No.: 43301
docket@wardandsmith.com*
jw@wardandsmith.com**
Peyton M. Paschke
N.C. State Bar I.D. No.: 62587
pmpaschke@wardandsmith.com**
Ward and Smith, P.A.
Post Office Box 2020
Asheville, NC 28802-2020
Telephone: 828.348.6070
Facsimile: 828.348.6077
*Attorneys for Plaintiff*

Date: August 28, 2026

_/s/__*Clay A. Campbell*______________

Clay A. Campbell
N.C. State Bar I.D. No.: 38069
clay@yourncattorney.com
Marcellino & Tyson, PLLC
2820 Selwyn Avenue, Suite 350
Charlotte, NC 28209
Telephone: 704.919.1519
Facsimile: 980.219.7025
*Attorney for Defendant Costco Corporation*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 28, 2026, I electronically filed the foregoing PLAINTIFF AND DEFENDANT COSTCO CORPORATION'S STATUS REPORT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Clay A. Campbell
clay@yourncattorney.com
*Attorneys for Defendant/ Third-Party Plaintiff*

Elizabeth A. Martineau
emartineau@martineauking.com
*Attorneys for Third-Party Defendant*

*/s/ Peyton M. Paschke*
Peyton M. Paschke
N.C. State Bar I.D. No.: 62587
email: docket@wardandsmith.com*
email: pmpaschke@wardandsmith.com**
For the firm of
Ward and Smith, P.A.
Post Office Box 7068
Wilmington, NC 28406-7068
Telephone: 910.794.4857
Facsimile: 910.794.4877
*Attorneys for Plaintiff*

*This email address must be used in order to effectuate service under the Federal Rules of Civil Procedure.

** Email address to be used for all communications other than service.

ND:4935-8524-3595, v. 1